**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| EARNEST WASHINGTON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )         No. 4:24-CV-295 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Earnest Washington's motion to dismiss his criminal indictment, which was received by the Court on February 22, 2024. [ECF No. 1]. The motion indicates an intent to seek relief from Washington's criminal judgment pursuant to several Supreme Court cases. As a result, the Court construes the motion as one brought pursuant to 28 U.S.C. § 2255. The Court will deny the motion as an unauthorized second or successive motion under 28 U.S.C. § 2255, and this action will be dismissed.

**Background**

In 1998, Arnold Young headed a heroin distribution organization responsible for arranging shipments of heroin from Los Angeles, California to St. Louis. *United States v. Washington,* 318 F.3d 845, 851 (8th Cir. 2003). Young distributed heroin in St. Louis through Anthony Smith and Tom Manley until Smith stole approximately $30,000 of heroin from Young. During April 1998, Young, who was in California, called Manley in St. Louis to solicit the murder of Anthony Smith for failure to pay for the heroin Smith received from Young. *Id*. Manley, in turn, asked movant and his co-defendant, Wendell Fortenberry, to murder Smith in exchange for five ounces of heroin. *Id.* Manley testified at trial that on the morning of May 6, 1998, he was paged by Fortenberry who told him that Anthony Smith had been "taken care of." *Id.* Manley said that he met Fortenberry at

a St. Louis address on Palm Avenue and gave him two and one-half ounces of heroin. According to Manley, Fortenberry told him that he had shot Smith and movant had shot Gerondrick Jackson. *Id*. Jackson was allegedly shot because he "was in the wrong place at the wrong time." *Id*. Manley then went home and contacted movant, whom he gave two and one-half ounces of heroin. *Id*. Arnold Young later flew from Los Angeles to St. Louis and reimbursed Manley for the heroin he gave movant and Fortenberry. *Id*.

On September 30, 1999, Young, Fortenberry, and movant were charged in a two-count indictment for murder for hire and conspiracy to commit murder for hire in violation of 18 U.S.C. § 1958(a). *United States v. Washington*, 4:99-CR-296 SNL (E.D. Mo.). A joint jury trial in May 2000 resulted in a hung jury, and the Court declared a mistrial. *Id*. at ECF No. 217. The government filed a second superseding indictment on June 15, 2000, charging Young, Fortenberry, and movant in a three-count indictment, adding the count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. *Id*. at ECF No. 225. After a seven-day trial, the jury returned a verdict of guilty for Fortenberry on all three counts. The jury returned a verdict of not guilty for movant on the murder for hire count but found him guilty of conspiracy to commit murder for hire and conspiracy to distribute heroin. Fortenberry and movant were each sentenced by the district court to a term of life imprisonment. Movant was sentenced on November 16, 2000, while Fortenberry was not sentenced until May 11, 2001. On January 31, 2003, the Eighth Circuit Court of Appeals affirmed movant's judgment and conviction. *United States v. Washington*, 318 F.3d 845 (8th Cir. 2003).

In October 2004, movant filed his first motion to vacate under § 2255. *Washington v. United States*, 4:04-CV-1360 SNL (E.D. Mo. 2005). The Court denied the motion on the merits on December 29, 2005. *Id*. The Eighth Circuit Court of Appeals refused to issue movant a certificate of appealability and dismissed the appeal on June 11, 2007. *Washington v. United States*, No. 06-2288 (8th Cir. 2007).

Movant filed a second habeas action in June 2014, arguing that he should be released from confinement based on the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013). *Washington v. United States*, No. 4:14-CV-1117 JCH (E.D. Mo.). Finding the motion to be successive, the action was summarily dismissed on July 1, 2014. Movant did not appeal.

Movant filed his third motion to vacate in January 2015, alleging that the United States Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014), created a newly recognized right of statutory interpretation that justified his release from prison. *Washington v. United States*, No. 4:15-CV-216 JCH (E.D. Mo.). On March 5, 2015, the Court found movant's motion to vacate successive, but transferred the motion to the Court of Appeals so that movant could seek permission to file a second or successive habeas corpus. *Id*. The Court of Appeals denied movant's request for authorization to file a successive habeas application on May 26, 2015. *Washington v. United State*s, No. 15-1526 (8ᵗʰ Cir. 2015).

Movant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district where he was confined, the Western District of Louisiana, on August 30, 2017.[1] *Washington v. Barnhart*, No. 1:17-CV-01089 DDD-JPM, 2018 WL 1354658 (W.D. La. 2018). Movant claimed entitlement to proceed under the savings clause of § 2255(e) because of the Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014). On January 18, 2018, U.S. Magistrate Judge Joseph H.L. Perez-Montes recommended that movant's petition be denied and dismissed because *Burrage* was inapplicable to movant's case. On March 15, 2018, Senior U.S. District Judge Dee D. Drell adopted the Report and Recommendation and dismissed movant's § 2241 petition. *Id.* Movant appealed to the Fifth Circuit Court of Appeals, but the district court's

---

[1]Movant is currently housed in the United States Penitentiary in Pollock, Louisiana (USP Pollock).

dismissal was affirmed on appeal on December 31, 2019. *Washington v. Barnhart*, 788 F. App'x 978 (5th Cir. 2019).

Movant filed the instant motion to vacate, his fourth motion pursuant to § 2255, on February 22, 2024. [ECF No. 1]. Movant titles his motion as one to dismiss his criminal indictment and, for this reason, the motion was initially filed in his criminal action. However, a review of movant's motion indicates that he is attacking the legality of his conviction. Thus, his motion was refiled as one brought pursuant to 28 U.S.C. § 2255. *See Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011) (stating that the purpose of § 2255 is "to afford federal prisoners a remedy identical in scope to federal habeas corpus" regarding jurisdictional and constitutional errors).

In his motion to vacate, movant argues that under *Apprendi*, a fact that increases the statutory maximum punishment must be alleged in the indictment and found by a jury. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Alleyne v United States*, 570 U.S. 99 (2013). Movant's trial took place in August 2000, shortly after Apprendi was decided on June 26, 2000. See Apprendi, 530 U.S. at 466. The statute under which movant was convicted provides for a statutory sentencing range of zero to ten years, but if death results the statutory sentencing range is life imprisonment or the death penalty. See 18 U.S.C. § 1958(a). Movant asserts that the jury's failure to make a finding beyond a reasonable doubt that death resulted because of his actions, means that his statutory penalty should not have been increased from 10 years to life imprisonment.

Movant further contends that after *Apprendi*, the legal landscape changed with the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019),[2] *Borden v. United States*, 141

---

[2] The Supreme Court held in *United States v. Davis* that the "residual clause" of § 924(c)(3)(B), which defines "crime of violence," was unconstitutionally vague. *See also Jones v. United States*, 39 F.4th 523, 526 (8th Cir. 2022) ("*Davis* applies retroactively to cases on collateral review.").

S. Ct. 1817 (2021),[3] *United States v. Taylor*, 142 S. Ct. 2015 (2022),[4] and *Wooden v. United States*, 142 S. Ct. 1063 (2022).[5] Movant argues that his non-violent conspiracy offenses were "enhanced and aggravated by" the notion that he was receiving payment for a crime of violence. *See* Movant's Mem. in Supp. (ECF No. 2). Thus, he appears to cite the aforementioned Supreme Court cases for the proposition that federal "crimes of violence" sentencing cases are now calculated in such a way that his current sentence is unlawful.

The Court notes that in addition to the instant motion to vacate, movant has a motion for compassionate release under the First Step Act pending in his criminal case, filed by appointed counsel. *United States v. Washington*, 4:99-CR-296 RLW (E.D. Mo.), ECF No. 438.

---

[3]The Supreme Court in *Borden v. United States* reviewed § 924(c)'s force clause, which defines violent felonies as those involving the "use of physical force against the person of another." It held that the direct object -"use of force against the person of another" - introduces a "conscious object" that force is "consciously directed" against. *Borden*, 141 S. Ct. at 1825, 1826. A concurrence in the judgment concluded that the word "use" applies "only to intentional acts designed to cause harm." *Borden*, 141 S. Ct. at 1835 (Thomas, J., concurring in the judgment). *Borden* does not have any bearing on movant's case as the crimes for which he was convicted cannot be committed with a mens rea of ordinary recklessness. *See, e.g., Janis v. United States*, 73 F.4th 628, 630 (8th Cir. 2023) ("*Borden* does not resolve Janis's case – second-degree murder cannot be committed with ordinary recklessness.") and *United States v. Larry*, 51 F.4th 290, 292 (8th Cir. 2022) (*Borden* holds only that the force clause categorically excludes offenses that can be committed recklessly.)

[4]In *United States v. Taylor*, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under the force clause because the offense does not require a "communicated threat of force." 142 S. Ct. at 2024. Hobbs Act robbery requires the unlawful taking of property by means of actual or threatened use of force. 18 U.S.C. § 1951(a). *Taylor* does not apply to movant's case because he was not convicted of any attempt offenses.

[5]In *Wooden v. United States*, the Supreme Court explained how courts should determine whether a defendant's prior convictions were committed on different occasions. 142 S. Ct. 1063, 1070. It observed that "a range of circumstances may be relevant to identifying episodes of criminal activity," including timing, proximity, and the character and relationship of the offenses. *Id.* at 1071. The Court also stated that "[i]n many cases, a single factor—especially of time or place—can decisively differentiate occasions." *Id.* Movant has not indicated how this case affects his criminal conviction and it is not apparent to the Court.

### Discussion

Washington's motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255, but it has not been certified by the United States Court of Appeals for the Eighth Circuit.

28 U.S.C. § 2255(h) establishes the certification requirement for a second or successive motion under § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court is required to undertake a preliminary review of the motion before directing the United States to respond. Having reviewed the motion, and for the reasons discussed below, movant's § 2255 motion must be denied and dismissed as successive.

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first "receive certification from the court of appeals to file a second or successive 2255 motion." *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also*

28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

There is no indication that movant has sought, much less obtained, the necessary authorization before filing the instant motion. As a result, the Court lacks jurisdiction to consider the motion. A district court may choose to either transfer a successive motion to vacate or deny and dismiss the action. *See* 28 U.S.C. § 1631. For the following reasons, the Court finds that it would not be in the interest of justice to transfer this case to the United States Court of Appeals for the Eighth Circuit and will instead dismiss the motion to vacate because the claims it asserts are barred and/or time barred.

In *United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001), the Eighth Circuit held that an *Apprendi*-type argument not raised on direct appeal could not be raised in collateral motion for relief because it had been reasonably available in the first appeal. In *Moss,* the Eighth Circuit further held that the *Apprendi* rule was not a "watershed rule"[6] allowing retroactive application. *Id.* In *Walker v. United States*, 810 F.3d 568, 574-75 (8th Cir. 2016), the Eighth Circuit utilized the reasoning espoused in *Moss* to find that the holding in *Alleyne v. United States*, 570 U.S. 99 (2013),[7] was not retroactive to cases on collateral review. Thus, movant is barred from asserting claims under either *Apprendi* or *Alleyne* in this motion because he did not raise these issues on direct appeal.

Movant also appears to argue that the crimes for which he was convicted were "crimes of violence," such that his convictions should be held unconstitutional under subsequent Supreme

---

[6]*See Teague v. Lane*, 489 U.S. 288 (1989).

[7]*Alleyne* found that any fact that increases the mandatory minimum sentence must be submitted to a jury and found beyond a reasonable doubt. *Alleyne*, 570 U.S. at 104.

Court decisions and he should be resentenced. *See, e.g., Davis*, 139 S. Ct. at 2336. Movant was not sentenced to crimes that have traditionally been found to be "crimes of violence," however. Movant was found guilty of conspiracy to commit murder for hire and conspiracy to distribute heroin. *See* 18 U.S.C. § 1958(a) and 21 U.S.C. § 846. Movant's conspiracy to distribute heroin conviction cannot be considered a "crime of violence." *See, e.g., Stewart v. United States*, 4:20-CV-1880 CDP, 2023 WL 7128458, *6, (E.D. Mo. Oct. 30, 2023). The question then, is whether conspiracy to commit murder for hire is a crime of violence, such that movant's sentence should be reduced under *Davis*'s holding.

The Court need not decide this issue because, even assuming conspiracy to commit murder for hire is a crime of violence, movant cannot raise a claim under *Davis* because the claim is time barred. Under 28 U.S.C. § 2255(f)(3), the right to argue for a sentence reduction under *Davis* expired one year after June 24, 2019, the date on which *Davis* was decided. *See Davis*, 139 S. Ct. 2319. To be timely, any motion raising a *Davis* claim had to be filed by June 24, 2020. The instant motion was not filed until February 22, 2024, and this appears to be the first time movant has raised an argument under *Davis*. As a result, movant's argument is time barred and without merit.

### Certificate of Appealability

The Court has considered whether to issue a certificate of appealability. To issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Movant has made no such showing in this case, and the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED and DISMISSED**, without prejudice, as successive because movant did not obtain the required authorization from the United States Court of Appeals for the Eighth Circuit.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

_Ronnie L. White_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of March, 2024.